JS-6

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. EDCV 15-02086-VAP (KK) Date: December 2, 2015

Title: LATASHA FULLER-MORGAN *-v-* INTERNATIONAL PAPER COMPANY, ET AL.

===============================================================

PRESENT: HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard
Courtroom Deputy

None Present
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:

None

ATTORNEYS PRESENT FOR DEFENDANTS:

None

PROCEEDINGS: MINUTE ORDER GRANTING MOTION TO REMAND (IN CHAMBERS)

Plaintiff moves this Court to remand this action to California Superior Court for the County of Los Angeles, from which it was removed by Defendant. Plaintiff filed her Motion to Remand on November 6, 2015. (See Doc. No. 9.) The matter came before for hearing the Court on November 30, 2015. After considering all the papers submitted in support of, and in opposition to, the motion, the Court GRANTS the motion.

**I. BACKGROUND**

On August 2, 2015, Plaintiff filed the present action in the Superior Court of the State of California, County of Los Angeles, as Case No. BC591969. (Doc. No. 1, Notice of Removal, at 2, "Notice".) The Complaint, served September 10, 2015, asserts three causes of action: (1) harassment based on race in violation of the

California Fair Employment and Housing Act ("FEHA"); (2) failure to take all reasonable steps to prevent harassment; and (3) wrongful constructive termination; all three claims relate to the allegedly hostile work environment. (Notice, Exhibit 1 at 2.) In January 2015, Plaintiff read instant messages between two of her co-workers, which allegedly contained numerous racially offensive comments. (Id. at 4.) In May 2015, Plaintiff complained to Defendants, who allegedly acknowledged that the comments her co-workers made were racist in nature, but refused to take action in response to them. (Id. at 5-6.) Plaintiff "could not take [the environment] anymore" and left her job in July of 2015. (Id. at 6.)

Plaintiff requested special damages, general damages, loss of earnings, attorneys' fees, prejudgment interest, punitive damages, and the costs of suit. (Id. at 10.) The Complaint does not list any prospective monetary damages.

Defendants argue they need only show "by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional amount." (Notice at 4.) Defendants, in the Notice, repeated the list of damages Plaintiff requested without providing the Court with prospective monetary amounts that would establish that Removal was appropriate. (See generally, Notice.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint. A civil action may also be removed when a defendant receives an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . or has become removable." 28 U.S.C. § 1446(b)(3).

The removal statute is construed strictly against removal. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal ensures that "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id.

The time limit for removal is set forth in 28 U.S.C. § 1446(b), which provides two thirty-day windows during which a case may be removed to a federal district court: (1) thirty days after a defendant receives the initial pleading; or (2) thirty days after the defendant receives an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . or has become removable." 28 U.S.C. § 1446 (b)(3); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). The Ninth Circuit has clearly stated, "[w]hen the defendant receives enough facts to remove on any basis under section 1441, the case is removable and section 1446's thirty-day clock starts ticking." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," when the dispute is also between "citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity of citizenship," meaning each plaintiff's citizenship must be "diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 67-68 (1996).

To determine the amount in controversy, which must exceed $75,000, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

## III. DISCUSSION

Plaintiffs do not dispute that removal was timely, or that complete diversity exists. Instead, Plaintiffs dispute that the amount in controversy was satisfied.

### A. Amount in Controversy

As stated above, the Court only has diversity jurisdiction where the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The amount in controversy must be determined at the time of removal. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999); see also Haase v. Aerodynamics Inc., No. 2.09 CV 01751 MCE GG, 2009 WL 3368519,

at *4 5 (E.D. Cal. Oct. 19, 2009); Fortescue v. Ecolab Inc., No. CV 14-0253 FMO (RZx), 2014 WL 296755 (C.D. Cal. Jan. 28, 2014); Lewis v. Chubb & Son Inc., No. CV 15-5988 FMO (JPRx) (C.D. Cal. Aug. 31, 2015). At the time of the hearing of this Motion, Plaintiff's lost wages, a special damage, totaled $9,378. (Opp'n at 5.)

Defendants contend that "courts have repeatedly held that back and front pay losses must be considered in determining the amount in controversy," citing to several cases that do not stand for that proposition. (Opp'n at 4.) In Simmons v. PCR Technology, the Court "declined to project future wage loss until a hypothetical trial date." 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). Defendant also cites to Vasquez v. Arvato Digital Services, LLC, to show that courts have held that "back and front pay losses must be considered." In Vasquez, the Court calculated the lost wages "at the time of removal" in assessing the amount in controversy. No. CV 11-02836 RSWL (AJWx), 2011 WL 2560261 (C.D. Cal. June, 27, 2011). The Court finds that the "back pay" amount is the appropriate amount to consider in determining the amount of controversy.

Defendants contend Plaintiff made approximately $3,126 a month. (Opp'n at 4-6). Defendants therefore contend that by the time of the hearing of this Motion, Plaintiff's lost wages will amount to $15,630. The time of the hearing of this Motion, however, is not the proper measure of time to determine the amount of lost wages. Instead, the proper measure is the time of removal. See Meritcare,Inc., 166 F.3d at 217-18. Plaintiff's last day of work was July 11, 2015. (Complaint at 9.) This action was removed less than three months later on October 9, 2015. (See Notice.) Therefore, at the time of removal, Plaintiff's lost wages were $3,126 x 3, or $9,378.

The question is thus whether the sum of the remaining damages claimed by Plaintiff, i.e, emotional distress damages, punitive damages, and attorney's fees, could total $65,622.00, thereby satisfying the jurisdictional amount in controversy. Defendants argue Plaintiff's claims could merit $25,000 in emotional distress damages, $25,000 in punitive damages, and $30,000 in attorney's fees.

Defendants argue Plaintiff will likely incur $30,00000 in attorney's fees by the conclusion of the trial. (Id.) The proper measure of attorney's fees are those

accrued at the time of removal. Haase, No. 2.09 CV 01751 MCE GG, at *4; accord Green v. Party City Corp., No. CV-01-09681 CAS, 2002 WL 553219, at *2 fn 3 (Apr. 9, 2002). As of the filing of the Motion, it appears Plaintiff's attorney has only filed the Complaint, and filed the present Motion. This is unlikely to merit $30,000 in attorney's fees.

Defendant argues Plaintiff may receive $25,000 in emotional distress damages because she has alleged "a long list of alleged non-economic damages." (Opp'n at 1.) "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." Sasso v. Noble Utah Long Beach, LLC, No. CV 14-09154-AB (AJWx), 2015 WL 898468 (Mar. 3, 2015) (citing Cain v. Hartford Life & Acc. Ins. Co., 890 F. Supp 2d 1246, 1250 (C.D. Cal. 2012). To establish the alleged $25,000 emotional distress award, Defendant cites to a series of cases that are distinguishable.

Defendant argues the $25,000 figure is supported by the Ninth Circuit's decision in Kroske v. U.S. Bank Corp., 432 F.3d 976 (9th Cir. 2005), arguing that case stands for the proposition that an emotional distress damages award would add $25,000 to the amount in controversy requirement where a plaintiff "had less than the jurisdictional requirement in lost wages." (Opp'n at 8, citing Kroske, 432 F.3d at 980). Kroske is distinguishable, however; the lost wages in that case amounted to $55,000, and the plaintiff had worked for U.S. Bank for nearly thirty years when she was terminated allegedly because of her age. Kroske, 432 F.3d at 979.

Defendant cites to three cases to demonstrate that the emotional distress award could be $25,000. (Opp'n, Ex. A.) In one of the cited cases, Ko v. The Square Group, LLC, the defendants failed to make reasonable accommodations after the plaintiff developed a kidney infection. (Id.) This is not analogous to Plaintiff's claims. In another case cited, Silverman v. Stuart F. Cooper Inc., the plaintiff worked for the defendant for close to sixteen years before being fired. (Id.) Plaintiff then alleged age discrimination, and the jury found for him, awarding $133,200 in lost wages and $116, 333 for emotional distress. (Id.) Due to the nature of the claims and the lost wages at issue, this is also not analogous to the present case. Moreover, in Silverman, the jury declined to award punitive damages.

In the third case, Beasley v. East Coast Foods D/B/A Roscoe's House of Chicken N' Waffles, Defendant did not supply sufficient facts for the Court to determine if the case was analogous. (Id.) Therefore, the Court finds that Defendant has not shown that an award of $25,000 is likely.

Defendant also contends Plaintiff may be awarded up to $25,000 in punitive damages. (Opp'n at 1.) Thus, the bulk of the amount in controversy offered stems from punitive damages. Plaintiff's action is brought pursuant to FEHA, which permits the award of punitive damages. Cal. Gov. Code. § 12940. Courts can thus consider punitive damages when determining the amount in controversy. Simmons, 209 F. Supp. 2d at 1033.

"When a punitive damages claim makes up the bulk of the amount in controversy, the court will 'scrutinize that claim closely' to be certain jurisdiction exists." Jackson v. Frank, No. C12-03975HRL, 2012 WL 6096905 (N.D. Cal. Dec. 7, 2012) (citing Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996)). "Courts increasingly view punitive damages claims with skepticism, especially if asserted for the apparent purpose of meeting the jurisdictional minimum." Id. "To establish punitive damages, defendants may introduce evidence of jury verdicts in cases involving analogous facts." Id.; accord Simmons, 209 F. Supp. 2d at 1033.

Defendant cites to three cases to establish that an award of $25,000 in punitive damages is likely. (Opp'n, Ex. A.) Again, Defendant cites to the KO case, where the jury awarded $500,000 in punitive damages. (Id.) This case is simply not analogous to the present facts. Defendant also cites to Leggins v. Thrifty Payless, Inc., et al., where a jury awarded $5,000,000 in punitive damages to a plaintiff who suffered a neck injury after stopping a robbery at work. (Id.) The plaintiff in Leggins then sought a transfer to a different store with lower volume due to the disability, and defendants denied his transfer for two years. (Id.) The jury found for plaintiff for his claims of disability discrimination, retaliation, and violations of the Family Medical Leave Act, and awarded $5,000,000 in punitive damages. (Id.) This case is not analogous to the present case because it involves disability discrimination claims sustained over a period of two years, suffered after an injury occurring on the job. Defendant's last cited case, Hampton v. National Research Group, involved two

plaintiffs who were awarded $300,000 and $350,000 in punitive damages respectively in a case involving racial harassment. (Id.) In Hampton, however, there were 12 complaints involving racial harassment submitted over a 11 month period, defendants did not conduct training, did not have a formal policy in place, and failed to take corrective action. (Id.) Additionally, the summary Defendant provided indicates that the case was appealed, and it is not clear what happened during the appeal phase. (Id.) Plaintiff is only aware of one complaint against Defendant for racial harassment, not twelve. This case is also not analogous. Thus, the cases Defendant cites do not show that a $25,000 award in punitive damages is likely.

Defendant has not cited to cases that show Plaintiff's emotional distress claim is worth $25,000, nor has Defendant shown that Plaintiff's punitive damages claim is worth $25,000. Since Defendant has not shown that, at the time of removal, Plaintiff's damages exceeded $75,000, this Court does not have jurisdiction, and the case is remanded.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED.

**IT IS SO ORDERED.**